THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, *v.* PETER KISIK AND JOHN KORVACK, IMPLEADED, ETC., PLAINTIFFS IN ERROR.

Submitted March 22, 1923—Decided June 5, 1923.

**Crimes—Violation of Sections 120 and 186 of Crimes Act—Evidence Sustained Conviction.**

On writ of error.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiffs in error, *Elmer W. Romine.*

For the state, *John M. Mills,* prosecutor of the pleas.

PER CURIAM.

The defendants below were indicted by the grand jury of Morris county, along with one other, on two counts. The first count charged that they "did then and there attempt to forcibly take from the person of Bertha C. Harmon $3,600 in lawful money of the United States of America, the property of said Bertha C. Harmon, by violence and putting her in fear," &c. The second count charged that they "did knowingly and designedly by then and there falsely representing themselves to be persons other than they were, and by falsely representing that they intended to legitimately use and invest a certain sum of money, namely, $3,600, lawful

money of the United States of America, then on the person of Bertha C. Harmon, the property of the said Bertha C. Harmon, for the benefit of the said Bertha C. Harmon, did then and there attempt by false pretences to get possession of the said sum of money, with intent to cheat and defraud the said Bertha C. Harmon," &c. It will be seen that the indictment charged an attempt under section 216 of our Crimes act to commit, in one count the offence described in section 120, and in the other the offence denounced in section 186.

The verdict of the jury was "guilty in manner and form as they stand charged in the indictment."

We are not called upon, as the matter is presented, to decide whether or not there was proof justifying a conviction under the first count, since that question does not seem to be raised in any form which is essential to the validity of this conviction, in view of the fact, which we find, that the conviction was proper under the second count.

The proof showed that Mrs. Harmon resided in Morris county and that the defendants went to her house with a third man, and represented that they wanted to buy a farm; that the father of one of them at one time lived in the neighborhood, and that when about to die, he wanted to pay back money that he owed to poor people; that defendants wanted her to take $18,000 and divide it amongst the poor people; that they wanted her to give them some money to put in a box which they had; that they would then take it down to Newark and bring back gold, together with her money; that they induced her to go to the bank and get $3,000 in cash; that she took the $3,000 to the house and the men sat there with the box; that they said they had $18,000 in the box and that she had better put hers in with theirs; that one of the men tried to put her money in the box, but she "pulled it right out;" that the man tried to put in in the box; that "he got it right in the box, but she pulled it out again." The evidence was that then Mrs. Harmon got frightened and started to "yell" and the men hastily departed. There was

further evidence from which the jury could and did find that the several representations made by the defendants were false.

The defendants did not testify and submitted no evidence.

The first point is that there was no proof of the allegations in the indictment. We think there was proof of the allegations in the second count.

The second point is that there was no crime or attempt to commit a crime proven. We have already indicated that we think there was.

The third point is that the charge of the court and refusal of the court to charge as requested was harmful to the defendants.

The charge of the judge on the question of overt act was proper. He defined it and charged as to the necessity of evidence thereof, in the language of the defendants' request. His remark that, if the jury believed the testimony of the state, there was such evidence, was not erroneous.

There was no error in calling attention to the fact that the defendants did not go upon the stand and testify in their own defence, and that the jury might give that fact consideration. *State* v. *Callahan*, 77 *N. J. L.* 685.

The requests to charge so far as they were proper were either charged in the precise language of the requests, or, in the main charge, in language of like import.

The judgment below will be affirmed.